UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 3:12-cr-00079-HDM-WGC |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| BRUCE COLE, | |
| Defendant. | |

Defendant Bruce Cole has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 47). The government has opposed (ECF No. 50), and Cole has replied (ECF No. 51).

On August 1, 2012, Cole was charged by way of criminal complaint with one count of possession with intent to distribute one kilogram or more of heroin and one count of possession of a firearm during and in relation to a crime of violence. (ECF No. 1). A subsequent indictment added a charge of maintaining a drug-involved premises. (ECF No. 3). On March 4, 2014, Cole entered a plea of guilty to possession with intent to distribute heroin pursuant to a plea agreement. (ECF Nos. 30 & 32). Cole was sentenced to a term of 121 months, followed by five years of supervised release. (ECF No. 38).

1

Having served nearly 83 months of his 121-month sentence,[1] Cole now seeks early release from confinement pursuant to the provisions of 18 U.S.C. § 3582(c)(1)(A).

**I. Standard**

18 U.S.C. § 3582(c)(1)(A) provides in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

U.S.S.G. § 1B1.13 provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set

---

[1] Cole's current projected release date is June 11, 2022. *See* https://www.bop.gov/inmateloc/ (last accessed Oct. 5, 2020).

[2] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Because Cole is not over 70 years of age and has not served more than thirty years in prison, this provision does not apply.

2

>forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>>(1)(A) extraordinary and compelling reasons warrant the reduction;
>
>>. . .
>
>>(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>>(3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The defendant is not entitled to be present for a hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

**II. Analysis**

Cole seeks release pursuant to § 3582(c)(1)(A) due to the COVID-19 epidemic and his underlying health conditions, which he argues put him at greater risk of contracting and suffering severe complications of COVID-19. The government opposes, arguing that Cole has not established extraordinary and compelling reasons for his release, that Cole remains a danger to the community, and the § 3553(a) do not favor early release.

**A. Exhaustion**

Before a defendant may file a § 3582(c)(1)(A) motion, he must either (1) exhaust any administrative appeals of the warden's refusal to bring a motion or (2) wait thirty days from the warden's receipt of the request, whichever is earlier. Cole submitted a request for compassionate release to the warden May 27, 2020. (ECF No. 47-1). More than thirty days have elapsed from the date Cole's request was submitted, so the motion is exhausted.

3

**B. Extraordinary and Compelling Reasons**

Section 1B1.13 sets forth specific examples of "extraordinary and compelling reasons," including in relevant part that the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 app. n.(1)(A)(ii)(I). There is also a catch-all provision, which provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* app. n.(1)(D).

Cole is 53 years old and suffers from hypertension, hepatitis C, PTSD, and severe back pain. He also has an enlarged prostate and a history of endocarditis. He is presently incarcerated at FCI Sheridan. Cole argues that his medical conditions increase his risk of severe COVID-19 complications. In addition, at least two of his medical conditions – hepatitis C and severe back pain – are not currently being treated due to the epidemic. Cole argues that his conditions are chronic and he is unable to sufficiently self-isolate within the prison setting, which puts him daily in close contact with 178 other inmates with whom he shares a dormitory.

The government argues that the spread of COVID-19 at Cole's institution has been limited and included only two active cases at the time of the opposition's filing. The government further disputes that Cole's underlying health conditions put him at greater risk of contracting or suffering complications from COVID-

4

19. It asserts that Cole's hypertension is well controlled and at any rate, it is an open question whether regular hypertension elevates COVID-19 risk. It points out that his endocarditis is resolved. And it argues that Cole has not reported that any of his conditions rises to the level that he is unable to take care of himself in the prison setting. The government asserts that the best that can be said about Cole's conditions is that they "might" raise his COVID-19 risk – and that potential risk factors, as opposed to known risk factors, are insufficient to establish extraordinary and compelling reasons. In short, the government argues that extraordinary and compelling reasons do not exist due to the low prevalence of COVID-19 at Sheridan in combination with the lack of clearly elevated risk posed by Cole's underlying health conditions.

While some of Cole's conditions could potentially increase his risk of a negative COVID-19 outcome, Cole is not a member of the highest risk age group and COVID-19 is not widespread at his institution. As of today's date, there are no active cases of COVID-19 at FCI Sheridan. In total, there have been eight positive test results out of more than 500 conducted; there are 14 test results pending. *See* https://www.bop.gov/coronavirus/ (last accessed Oct. 5, 2020). These low numbers suggest that the measures taken by BOP to combat coronavirus spread -- which include suspension of social visits, significant reduction of contractor and volunteer visits, isolation of new inmates, symptomatic inmates, and asymptomatic inmates with a risk of COVID-19 exposure, reduction in inmate movement through the facility and screening of staff for symptoms -- are working at Sheridan. Under these

5

circumstances, the court does not find extraordinary and compelling reasons for early release.

### C. 18 U.S.C. § 3553(a) Factors

Further, the court may grant compassionate release only if the defendant is not a danger to any other person or to the community, as provided in 18 U.S.C. § 3142(g), *United States v. Johnson*, 2020 WL 2114357, at *1 (E.D. Wash. May 4, 2020) ("[T]he Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act."), and the relevant 18 U.S.C. § 3553(a) factors favor release. And in this case, the § 3553(a) factors do not support early release.

Cole engaged, undetected, in significant drug trafficking for many years before he was caught. A search of his home turned up $429,000.00, 1.2 kilograms of heroin, and four firearms. The nature and circumstances of Cole's offense were thus very serious. Further, Cole has served about 83 months of his 121-month sentence, which the court believes in not sufficient to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and avoid unwarranted sentencing disparities. The court is not persuaded that Cole's rehabilitative efforts while incarcerated, his acceptance of responsibility, and his regret that he committed a crime, outweigh the significant facts of his offense and his criminal history. The § 3553(a) factors support Cole serving the sentence that was originally imposed, without early release.

6

**III. Conclusion**

In accordance with the foregoing, Cole's motion for compassionate release (ECF No. 47) is hereby DENIED.

IT IS SO ORDERED.

DATED: This 5th day of October, 2020.

*Howard D McKibben*
_____
UNITED STATES DISTRICT JUDGE